## Jones's Appeal.

1. Timber-land was purchased by partners in lumbering, with partnership funds and for the purposes of their business; but the deeds conveyed the land to them without recognising the partnership. The legal title was in them as tenants in common.

2. One partner died intestate; the other as surviving partner was declared bankrupt; the intestate's interest was sold for the payment of his debts; the money was the proceeds of his estate, and would go to his creditors, who were all partnership creditors, and not to the surviving partner or his assignee in bankruptcy.

3. Abbott's Appeal, 14 Wright 234, distinguished.

November — 1870.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Orphans' Court of *Jefferson county*: No. 184, to October and November Term 1870.   In the distribution of the estate of Samuel Burns, deceased.

Samuel Burns and William Burns were partners in lumbering, and owned several tracts of real estate which had been purchased with partnership funds and for partnership purposes, but had been conveyed to them jointly.   Samuel died on the 29th of October 1866.   William continued the business under the firm name until November 29th 1867, when he was declared a bankrupt as surviving partner of the firm, and Joseph B. Jones was appointed his assignee in bankruptcy.   The administrator, &c., of Samuel was ordered to sell the interest of Samuel for the payment of his debts.   The sale under this order produced the fund for distribution.

The auditor, John McMurray, Esq., found as is above stated; he also found that Samuel Burns had no individual debts; that the petition for the order of sale exhibited debts of the firm and also one debt of William Burns, and that the interest of William Burns in the property had been sold under an execution against him for his individual debt.

The auditor reported that the fund should be paid to the assignee in bankruptcy as being the proceeds of the estate of the firm of S. & W. Burns.   He, however, reported an alternative schedule, distributing the fund amongst the individual creditors of Samuel Burns.

The Orphans' Court, after exceptions, confirmed the alternative schedule of distribution.   Jones, the assignee in bankruptcy, appealed to the Supreme Court and assigned the decree of distribution for error.

*Gordon & Brother* and *G. Shiras, Jr.*, for appellant, referred to Erwin's Appeal, 3 Wright 535; N. Penna. Coal Co.'s Appeal, 9 Id. 181; Pierce *v.* Evans, 11 P. F. Smith 415; Pavitt's Estate, 12 Id. 498.

*Hopkins & Lasear*, for appellees.—The order of sale was of the interest of Samuel Burns and the proceeds therefore were to go to his creditors: Deal *v.* Bogue, 8 Harris 228; Reinheimer *v.* Hemingway, 11 Casey 432.

The opinion of the court was delivered, May 13th 1872, by

SHARSWOOD, J.—Samuel and William Burns were partners in the lumber business. They purchased a number of timber tracts with partnership funds, and for partnership purposes. The deeds, however, which conveyed the property to them made no mention of the fact of the partnership, and of course the legal title was vested in them as tenants in common. Samuel Burns died intestate. His administrator applied to the Orphans' Court, and obtained an order of sale for the payment of debts. The only debts he owed were partnership debts. The court below has decreed the proceeds of the sales made under their order to the payment of their debts. William Burns, the surviving partner, has since been decreed a bankrupt, under the Act of Congress, and his assignee claims the fund, and is the appellant here.

What was ordered to be sold by the Orphans' Court, and what was sold, was the estate of Samuel Burns, not that of the partnership. The money in the hands of the administrator is the proceeds of his estate. Whether the sale was of a moiety of the land—the title of Samuel as tenant in common—or his interest as a partner in the firm—the result here must be the same—the surviving partner or his assignee in bankruptcy can have no right to the money. The case of Abbott's Appeal, 14 Wright 234, relied on by the appellant, has no application. There the land was sold by the sheriff, under an execution against the partnership—it was the interest of the firm which was converted into money.

Decree affirmed and appeal dismissed at the costs of the appellant.